IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NATHAN BRENNAN, #57737-019                                    PETITIONER

VERSUS                              CIVIL ACTION NO. 5:08-cv-312-DCB-MTP

BRUCE PEARSON                                                 RESPONDENT

## ORDER DENYING PETITIONER'S MOTION TO RECONSIDER

BEFORE THE COURT is Petitioner's Motion for Reconsideration [12] filed February 5, 2009. Petitioner moves the Court to reconsider the Memorandum Opinion [10] and Final Judgment [11] of dismissal entered on January 27, 2009. Having considered the issues raised in the motion, the Court finds that the motion is not well-taken and should be denied.

Although a "motion for reconsideration" is not explicitly recognized by the Federal Rules of Civil Procedure, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). *See Rogers v. KBR Technical Services, Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(*citing Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds*). Since Petitioner's Motion was filed within ten days of the Court's Final Judgment, his request will be reviewed pursuant to Rule 59(e). *See Rogers*, 2008 WL 2337184, at *5 (*citing Lavespere*, 910 F.2d at 173).

In order to obtain relief Petitioner "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003)(citation omitted). The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e), a district court

should consider the following non-inclusive factors: (1) the reasons for the plaintiffs' default; (2) the importance of the evidence to the plaintiffs' case; (3) whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. *Sturges v. Moore*, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.* at 626.

After thorough consideration of the motion submitted, the entire court record and relevant case law, the Court concludes that Petitioner has failed to satisfy the requirements for obtaining relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, it is hereby,

ORDERED that Petitioner's Motion [12] to Reconsider the Final Judgment is **denied.**

SO ORDERED this the ___11th___ day of February, 2009.


    ___s/ David Bramlette___
    UNITED STATES DISTRICT JUDGE